*Fairview Health Services v. Cigna Behavioral Health, Inc., et al.*

# EXHIBIT A

## TO NOTICE OF REMOVAL

STATE OF MINNESOTA                                              DISTRICT COURT

COUNTY OF HENNEPIN                                        FOURTH JUDICIAL DISTRICT

---

Fairview Health Services,                    Court File No.:
                                             Case Type: Contract
                      Plaintiff,             Judge:

v.
                                                   **SUMMONS**
Cigna Behavioral Health, Inc.,
Home Depot, U.S.A., Inc.,
Home Depot Medical and Dental Plan,
Home Depot Welfare Benefits Plan,

                      Defendants.

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.

1.      **YOU ARE BEING SUED**.  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to the lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.      **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**.  You must give or mail to the person who signed this Summons a **written response** called an Answer within 21 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at 7650 Edinborough Way, Suite 500, Edina, MN 55435.

3.      **YOU MUST RESPOND TO EACH CLAIM**.  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.      **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.**  If you do not answer within 21 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to

respond. A default judgment can then be entered against you for the relief demanded in the Complaint.

5. **LEGAL ASSISTANCE**. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION**. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: July 8, 2022                              **D.S. ERICKSON & ASSOCIATES, PLLC**

By /s/ Timothy J. Henkel
　　Timothy J. Henkel (#0389403)
　　D. Scott Erickson (#0282212)
　　7650 Edinborough Way, Suite 500
　　Edina, MN 55435
　　Phone:       (612) 333-7600
　　Facsimile:   (612) 333-7611
　　Email:       timothy.henkel@dserickson.com
　　             scott.erickson@dserickson.com
　　ATTORNEYS FOR PLAINTIFF FAIRVIEW
　　HEALTH SERVICES

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Fairview Health Services,

       Plaintiff,

v.

Cigna Behavioral Health, Inc.,
Home Depot, U.S.A., Inc.,
Home Depot Medical and Dental Plan,
Home Depot Welfare Benefits Plan,

       Defendants.

Court File No.:
Case Type: Contract
Judge:

**COMPLAINT**

Plaintiff, for its claim against the above-named Defendants, complains and alleges as follows:

## PARTIES

1. Plaintiff Fairview Health Services ("Fairview"), is a non-profit corporation organized under Minnesota Statutes Chapter 317A and provides medical, surgical, hospital, sickness, and other health related services to individuals in the State of Minnesota.

2. Defendant Cigna Behavioral Health, Inc. ("Cigna"), is a Minnesota registered corporation, with its principal place of business located at 11095 Viking Drive, Suite 350, Eden Prairie, MN 55344.

3. Defendant Home Depot U.S.A., Inc. ("HD") is a Delaware registered corporation with a principal place of business located at 3455 Paces Ferry Road, Atlanta, GA, 30339-4024.

4. Defendants Home Depot Medical and Dental Plan, and Home Depot Welfare Benefit Plan (collectively the "Plan") are employer-based group health plans maintained by HD for the benefit

3

of its employees, with an administrative address of 2455 Paces Ferry Road, Atlanta, GA 30339-4024.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in Hennepin County District Court pursuant to Minn. Stat. § 543.19 as Defendants are either located in, or have conducted business in Minnesota to the extent that the "minimum contacts" standard outlined in International Shoe Co. v. Washington, 326 U.S. 310 (1945) is met, and has committed acts outside of Minnesota causing injury in Minnesota.

6. Further, Minnesota has a substantial interest in providing a forum for the adjudication of this dispute.

7. Finally, all acts and transactions that have given rise to this action occurred in Hennepin County.

## FACTS

8. Patient D.R. was a Cigna policy ("Policy") holder at all times relevant to this action; Policy ID: xxxx9101, Group ID: xxx7229. Under said Policy, patient D.R. was, again at all times relevant to this action, a participant and beneficiary under the Policy, and thus "covered" under the same.

9. Upon information and belief, the Policy was issued to or administrated by Cigna for HD, the employer of patient D.R., as part of an Employee Retirement Income Security Act, 29 U.S.C. § 1001 et. seq. ("ERISA") based employer group health and welfare benefit Plan.

10. Upon information and belief, the Plan is an employer and employee self-funded Plan with Cigna acting as the third-party claim administrator ("TPA") and agent for the Plan with regard to claims submitted to the Plan by providers of health care goods and services.

11. Patient D.R. received mental health care goods and services from Fairview on April 21, 2019 through May 24, 2019.

12. Cigna, HD and the Plan accessed Fairview via a negotiated network contract between Fairview and HealthPartners ("Network Contract"), which calls for reimbursement to Fairview for mental health care goods and services provided at a set DRG rate.

13. Despite the mental health care goods and services provided being medically necessary, as determined by patient D.R.'s treating physicians, Cigna denied payment for a portion of said services from May 7, 2019 through May 24, 2019 of patient D.R.'s inpatient stay claiming that the ongoing treatment provided on these days were not medically necessary.

14. During the course of care there was continuous utilization review occurring with concurrent review in which Cigna continually approved additional days of inpatient treatment.

15. During the course of this concurrent review, on May 6, 2019 Cigna informed Fairview that a peer-to-peer would need to be conducted for the approval of additional days and that Cigna's peer review department would be reaching out to Fairview to schedule the same in short order.

16. Cigna's peer review department did not call until after hours at 6:48 p.m. CST, informing Fairview that a peer to peer was due before 9:00 a.m. the following day.

17. This was stated despite the fact that Cigna earlier told Fairview the peer-to-peer was due by the end of the day on May 7, 2019.

18. Cigna refused to provide a direct contact number for the Fairview clinician to call and instead insisted on setting up the peer-to-peer review on Cigna's end.

19. Cigna's process and conduct for demanding that the peer-to-peer review be completed the following morning virtually ensured that the deadline would be missed.

5

20. Fairview's clinical team contacted Cigna peer-to-peer scheduling on May 7, 2019 at 1:20 p.m. CST and asked to speak with a supervisor.

21. Ultimately, Fairview's request for a peer-to-peer was denied and no further days were approved for patient D.R.'s care.

22. It is Fairview's position that had a peer-to-peer been conducted and scheduled in good faith, additional days would have been approved for patient D.R.'s care.

23. Fairview disputed the denial and made timely appeals to Cigna; however, Cigna, as TPA and agent for the Plan, continued to uphold the denial.

24. On July 11, 2019, Cigna sent a letter to patient D.R. and Fairview stating that all internal appeals had been exhausted and that, if governed by ERISA, any civil action must be commenced within three (3) years.

25. In addition to Cigna, HD and the Plan accessing Fairview via the Network Contract, as part of the process of being admitted to Fairview, patient D.R. assigned to Fairview his right to have all covered expenses of the treatment provided paid for by Defendants; Fairview then provided health care goods and services to patient D.R.

26. Fairview brings this action against Defendants under the Network Contract, and directly as an assignee and beneficiary of patient D.R.'s rights and causes of action as a participant and beneficiary under the Plan, to recover the amount due and owing to Fairview for the mental health care goods and services provided to patient D.R.

27. There remains an outstanding balance due and owing on the claims submitted to Defendants in the amount of Eighty-Six Thousand Seven Hundred Seventy Dollars and ninety-Five Cents ($86,770.95) for the mental health care goods and services provided to patient D.R. by

Fairview.

28. Fairview has demanded payment of the unpaid balance from Cigna, but Defendants refuse to pay.

29. Defendants' refusal to pay has forced Fairview to retain the services of D.S. Erickson & Associates, PLLC and Fairview will incur attorney fees, expenses and costs to recover the amount due and owing.

## CLAIM I
## BREACH OF CONTRACT

30. Fairview incorporates each and every allegation contained in Paragraphs 1-29, inclusive, with the same force and effect as if fully set forth herein.

31. Under and through the Network Contract, Defendants accepted the responsibility to timely and properly pay all claims for the health care goods and services rendered to its insured, patient D.R., that were covered under the Policy and Plan, including the claims that are the basis of Fairview's complaint against Defendants.

32. Claims for the mental health care goods and services provided to patient D.R. were properly and timely submitted by Fairview to Cigna for payment.

33. Defendants are in breach of contract for their failure to pay the claims submitted to them by Fairview for the mental health care goods and services rendered to patient D.R. in accordance with the Network Contract.

34. Moreover, Defendants are in breach of contract under the terms of the Plan, and the benefits due to patient D.R. under the same, which were assigned to Fairview prior to health care goods and services being rendered.

35. As a result of Defendants' breach, Fairview has and will incur damages in an amount in excess of Eighty-Six Thousand Seven Hundred Seventy Dollars and ninety-Five Cents ($86,770.95).

## CLAIM II
## BREACH OF COVENANT OF GOOD FAITHAND FAIR DEALING

36. Fairview incorporates each and every allegation contained in Paragraphs 1-35, inclusive, with the same force and effect as if fully set forth herein.

37. Defendants' failure to diligently and timely monitor the claims and payment thereof, constitutes a breach of the covenant of good faith and fair dealing with respect patient D.R. and Fairview.

38. Moreover, Defendant's conduct in demanding a peer-to-peer review on a schedule that was unreasonable and virtually ensured that the deadline would be missed, then refusing to schedule a peer-to-peer after that time that very likely would have led to additional approved days, constitutes a breach of the covenant of good faith and fair dealing with respect patient D.R. and Fairview.

39. Defendants' refusal and failure to pay Fairview for the mental health care goods and services provided to patient D.R. is an act of bad faith.

40. As a result of Defendants' breach, Fairview has and will incur damages in an amount in excess of Eighty-Six Thousand Seven Hundred Seventy Dollars and ninety-Five Cents ($86,770.95).

## CLAIM III
## EMPLOYEE RETIREMENT INCOME SECURITY ACT
### 29 U.S.C. § 1001 *et. seq.*
### *(Pled in the Alternative)*

41. Fairview incorporates each and every allegation contained in Paragraphs 1-40, inclusive, with the same force and effect as if fully set forth herein.

42. The Plan is, upon information and belief, part of a health and welfare benefit plan that is governed by ERISA.

43. Defendants have failed to comply with the terms of the Plan by failing to make payment to Fairview of the benefits due under the Plan in accordance with the Network Contract.

44. Fairview brings this action pursuant to 29 U.S.C. § 1132, as a beneficiary and assignee of patient D.R.'s health benefits, to enforce the terms of the Plan.

45. As a result of Defendants' failure to pay Fairview the benefits due under the Plan in accordance with the Network Contract, Fairview is entitled to damages pursuant to 29 U.S.C. § 1132(a)(1)(B) in an amount in excess of Eighty-Six Thousand Seven Hundred Seventy Dollars and ninety-Five Cents ($86,770.95)., plus reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1), from Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE,** Fairview prays that judgment be entered against Defendants:

1. For an award of damages in an amount in an amount in excess of Eighty-Six Thousand Seven Hundred Seventy Dollars and ninety-Five Cents ($86,770.95), plus any and all pre- and post-judgment interest pursuant to Defendants' breach of contract and breach of the covenant of good faith and fair dealing.

2. For an award of reasonable attorneys' fees and costs if applicable.

3. For such other relief as the Court deems just and equitable.

Dated: July 8, 2022               **D.S. ERICKSON & ASSOCIATES, PLLC**

                                  By /s/ Timothy J. Henkel
                                     Timothy J. Henkel (#0389403)
                                     D. Scott Erickson (#0282212)
                                     7650 Edinborough Way, Suite 500
                                     Edina, MN 55435
                                     Phone:      (612) 333-7600
                                     Facsimile:  (612) 333-7611
                                     Email:      timothy.henkel@dserickson.com
                                                 scott.erickson@dserickson.com
                                     ATTORNEYS FOR PLAINTIFF FAIRVIEW
                                     HEALTH SERVICES

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. 549.211 subdivision 2, to the party against whom the allegations in this pleading are asserted.

Dated: July 8, 2022               **D.S. ERICKSON & ASSOCIATES, PLLC**

                                  By /s/ Timothy J. Henkel
                                     Timothy J. Henkel (#0389403)